UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

File No. 1:12-CR-132

HON. ROBERT HOLMES BELL

ERIC RUIBAL, et al.,

    Defendants.
_____/

## **O P I N I O N**

The remaining defendants[1] have moved for disclosure of presentence investigation reports ("PSRs") prepared by the U.S. Probation Office and Michigan state agencies for witnesses testifying at trial, or whose statements or declarations will be used at trial. (Dkt. No. 847.) If the Court denies their request for disclosure of the presentence reports, Defendants request the Court to conduct an *in camera* review of such reports and to release any exculpatory or impeachment material.

    Presentence reports are prepared by in confidentiality by the probation office, an arm of the court, for the court's use in sentencing. *See* Fed. R. Crim. P. 32(c)(1); *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1170 (2d Cir. 1983). The confidentiality of

---

[1]The remaining defendants are Eric Ruibal, Francisco Martinez, Jr., Antonio Rios, Julio Hernandez, Juan C. Hernandez, David Casillas, Anthony Guzman, and Arnulfo Lopez.

presence reports is not absolute, but courts are very reluctant to give third parties access to the presentence reports prepared for a third party because of the fear that disclosure will have a chilling effect on the willingness of individuals to contribute information that will be incorporated into the report and because of the need to protect the confidentiality of the information contained in the report. *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988). "Accordingly, courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report." *Id.*

Defendants do not contest these general principles. Defendants contend that because so many of their co-defendants have entered pleas which require cooperation, the accuracy of the cooperating defendants' testimony that implicates the remaining defendants should be subject to rigorous testing at all levels and from all directions, including the statements made during their presentence investigations. (Def. Mem. at 5.) Defendants contend that if the presentence reports contain claims that the government information about the RICO conspiracy is inaccurate or over-stated, or if the presentence reports do not mention a defendant on trial in conjunction with a certain activity, that information is *Brady* material that should be disclosed to them. (*Id.*)

This Court has no obligation under *Brady* to review presentence reports for impeachment information:

> *Brady* expressly applies to material evidence withheld from the defense by the prosecution. Neither *Brady* nor the Federal Rules of Criminal Procedure mandate that a trial court produce a copy of a presentence report concerning a government witness, prepared for the court, to the defense upon request. Nor

2

do they require a trial court to review such a report *in camera* for potential *Brady* material.

*United States v. Sherlin*, 67 F.3d 1208, 1218 (6th Cir. 1995); *see also United States v. Trevino*, 556 F.2d 1265, 1270 (5th Cir. 1977) (holding that *Brady* does not require a court, for due process reasons, to provide access for a defendant to a prosecution witness's presentence report). Nevertheless, *Sherlin* does not preclude the Court from disclosing such reports in whole or in part in the exercise of the Court's discretion. *See Sherlin*, 67 F.3d at 1218 (noting that the regulation of discovery in criminal matters is committed to the discretion of the trial court). In *Trevino*, which the Sixth Circuit found persuasive in *Sherlin*, the Fifth Circuit acknowledged that disclosure of presentence reports might be appropriate in some circumstances, but cautioned that requests for presentence reports should not be used as groundless fishing expeditions, and that in light of the important policy concerns regarding the preparations and use of presentence reports, "as a prerequisite to an *in camera* review, an accused must plainly articulate how the information contained in the PSR will be both material and favorable to his defense." 89 F.3d at 192-93.

The Second Circuit has similarly held that "no *in camera* review of a co-defendant's PSR is required without a threshold showing of a good faith belief that a co-defendant's PSR contains exculpatory evidence not available elsewhere." *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004). In *Molina* the court held that the defendant's abstract arguments that the reports might affect how he cross-examined a witness, or may have caused him to present certain testimony fell "well short of the particularity required to demonstrate a

compelling need." *Id.*; *see also United States v. Corbitt*, 879 F.2d 224, 239 (7th Cir. 1989) ("Only where a compelling, particularized need for disclosure is shown should the district court disclose the report; even then, however, the court should limit disclosure to those portions of the report which are directly relevant to the demonstrated need."); *United States v. McKnight*, 771 F.2d 388, 390 (8th Cir. 1985) ("[P]resentence reports are not public and should not be disclosed to third persons absent a demonstration that disclosure is required to meet the ends of justice.")

A criminal defendant's right to due process imposes upon the government an obligation "to turn over evidence in its possession that is both favorable to the accused and material to guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987)). *See also Brady v. Maryland*, 373 U.S. 83, 87 (1963). The government is aware of its disclosure duties under *Brady* and *Giglio* and has advised that it intends to abide by those obligations. (Dkt. No. 867, Gov. Resp. 5.)

Defendants' speculation that their co-defendants' presentence reports might contain information that could be useful for impeachment purposes falls short of the required showing of compelling or particularized need. Because Defendants have not made the required showing, the Court will not undertake *in camera* review of the co-defendants' presentence reports. The Court will rely on the government to meet its obligations under *Brady*.

4

In response to Defendants' motion, the government has requested the Court to expressly reject Defendants' view that a co-defendant's failure to name a defendant in a presentence report, or his objection to some portion of the government's allegation is *Brady* material. The government's request will be denied. Because "the government typically is the sole judge of what evidence in its possession is subject to disclosure," *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988), and because the exculpatory nature and materiality of evidence is fact specific, the Court will not rule on whether a generic category of evidence in a presentence report is *Brady* material.

An order consistent with this opinion will be entered.


Dated: <u>January 29, 2014</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE